Opinion of the court, by
Judge Hitchcock :
Such is the situation of our country, that this court is rarely called upon to give a construction to the “ act for the relief of the poor.” While the people of older states and communities have been oppressed with heavy taxes for the support of paupers, we have been measurably free from this burden. So fertile is the soil, and so various are the modes of employment, that with a reasonable share of industry and economy, almost any individual, arrived at years of discretion, possessed of health and sound intellect, may obtain a comfortable subsistence in Ohio. None but the unfortunate need claim the support of public charity. The time, however, must and will arrive, when questions of great importance to the community, growing out ot the poor laws, must be settled, and it is desirable that they should be settled correctly.
The general principle pervading the law is, that every pauper shall bo supported by the township where he or she may have been last legally settled. We are now called upon to give a construction to section 4 of the before-named act. This section provides in what manner a person may gain a legal settlement. As the question is important, it is to be regretted that the counsel em *162 ployed in the case should not have given it a careful examination, and submitted to the court an argument containing the result of, their investigations. This, however, has been neglected. I have not had recourse to the statutes oí all the different states of the Union relative to this subject, but as far as my examination has extended, I find no law similar to our own. Of course, we can expect to derive but little aid from the decisions of courts in our sister states.
This section of the statute provides, “that any person or persons (other than those hereinafter provided for) residing one year in any township in this state, without being warned by the overseers of the poor, for said township, to depart the same, shall be considered as having gained a legal settlement in such township.” “That every indented servant, legally ^brought into this state, shall obtain legal settlement in the township, where such servant first served his or her master, or mistress, the space of twelve months.” That “ every married woman, during coverture, and after her husband’s death, shall be considered as legally settled in the place where he was last.legally settled ; but if he shall have no known place of legal settlement; then she shall be considered as legally settled in the place where she was last legally settled before marriage.” The subsequent parts of the section point out 'the manner in which a person likely to become chargeable is to ■be warned to depart the township, and the proceedings in addition ■to such warning.
It is to the first clause of the section that our attention is now turned, and the question which arises is, can a person who has been warned to depart the township, gain a legal settlement in the same township, by residing therein one year after such warning, 'the warning itself not having been i-epcated? In favor of the opinion that a repetition of the warning is unnecessary, it may be ■urged that it is required by neither the spirit nor express letter of ■the statute, and that it would be inconvenient to the township officers That a repetition of the warning would be inconvenient to the township officers is not denied; nor is it pretended that such proceeding is required by the express letter of the statute; ■that is, that it is required in so many words, hut the spirit and ¿policy of the law seems clearly to render it necessary. Ohio is a .new state, and policy dictates that in her different acts of legislation, she should go groat lengths to encourage emigration, This *163 can not be done effectually, unless the terms upon which a legal settlement may be gained, are made easy. Under this impression, the law under consideration was undoubtedly enacted. By its provision, it is more easy to gain a legal settlement than in most, if not all, the older states in the Union. But were we to say, that a man once having been warned to depart the township could never thereafter gain a legal settlement in the same township, this policy of the law would be defeated.
Such construction, too, would, in many casos, cause manifest injustice. By the first clause of the section, it is residence, and residence alone, by which a person acquires a legal settlement. A person who had once been warned to *depart, could not by any subsequent act of his own, of the township, or of its officers, gain this privilege. He might accumulate any amount of property, might hold any office, might be separately taxed, and contribute largely for the support of the poor, still it would make no difference. Eventually misfortune might overtake him, his property might be swept away, himself reduced to poverty, and in his old age he might need for his subsistence, aid, similar to that which he had so liberally bestowed upon others. Whence is he to derive this aid? Not from the township where he has spent most of his days, where he has accumulated and expended his property, whose poor he has assisted to support, where are his friends and acquaintances. From thistowhship some forty or fifty years before, he was warned to depart, and there he has no legal settlement. He must be removed to the place where he was last settled, there to linger out the small remains of life among strangers.
By adopting this construction, we should not only defeat the policy of the law, but measurably contradict tho lettor. The words are, “any person or persons residing one year in any township in this state, without being warned,” etc., not from the time of his first arrival; of this, nothing is said. It seems to contemplate one year’s continued residence, without reference to the time when. It may be immediately after tho first arrival; it may be at any subsequent period. And if the overseers of the poor, having once warned, fail to repeat that warning, the individual concerned, may well conclude, that they, as well as the other citizens of the township, are satisfied that he should gain a legal settlement among them.
Upon the whole, we are clearly of the opinion, that, under the *164 statute in question, a continued residence for one year in a township, without being warned, is sufficient to gain a legal settlement. It is not sufficient that the warning shall have been once given ; it must be repeated, so that at no one period there shall have been this continued, uninterrupted residence.
This principle being decided, there is no difficulty in applying it to the case under consideration. Mary Endsly, the pauper, was originally settled in the township of Wayne. She removed, in company with her father, to the township of *Stoek, in the spring of the year 1821. At this time, we must suppose she was of full age, as nothing to the contrary appears from the agreed case. From this latter township, she was warned to depart, July 10,1821, which warning was repeated on the 8th day of June of the succeeding year. She still continued to reside in the township, and was not again warned to depart, until November 14, 1823. Here, then, was a continued residence of more than one year, without interruption, by a warning to depart, by means whereof she gained a legal settlement, and this township is chargeable with her support.
Judgment must, therefore, be rendered for the plaintiff.